Several positions were discussed, and the court ruled.
1. That under the statute, Pat. 37, sec. 1 and 2, upon *411 the filing of the plea, that there were not sufficient assets to pay the debts and legacies ; the plaintiff ought not have filed a replication, but to have applied to the court for the appointment of auditors to examine the accounts of the executors, to report, &c.
2. That the replications were wrong, inasmuch as they referred to the jury, what, under the law, could not be tried by them.
3. That the construction of the will required, that the account of the testator, against the plaintiff, should first be taken out of the specific legacy, and not out of the surplus share of the estate. There might be no surplus after the payment of the debts and specific legacies, (a)
4. That one executor, keeping a separate account, may well discharge himself from all claims, by shewing that he has made lawful payments, to the full amount of the assets which have come to his hands. (b)
Judgment in favour of demurrant.

 Snyder vs. Warbasse, 3 Stock. 464. Van Riper vs. Van Riper, 1 Gr. Ch. 1. Leigh vs. Savidge, 1 McC. 126. Petrie vs. Voorhees, 3 C. E. Gr. 285. Wood vs. Tallman, Coxe 153. Wilson vs. Fisher, 1 Hal. Ch. 498. See Davison vs. Davison, 2 Har. 169.

 Goble vs. Andruss, 1 Gr. Ch. 66. Fennimore vs. Fennimore, 2 Gr. Ch. 292. Wilson vs. Fisher, 1 Hal. Ch. 493. Merselis vs. Mead, 3 Hal. Ch. 557. Laroe vs. Douglass, 2 Beas. 308. Schenck vs. SChenck, 1 C. E. Gr. 175. Fisher vs. Skillman, 3 C. E. Gr. 229. Price vs. Price, 8 C. E. Gr. 428. Wood vs. Tallman, Coxe 156. Dutch Church vs. Smock, Sax. 148.